IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin Wayne McDaniels, | ) | C/A No.: 1:14-4197-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| State of South Carolina; Alan Wilson, | ) | |
| SC Attorney General; Nikki Haley, SC | ) | ORDER |
| Governor; Derham Cole, Chief Judge of | ) | |
| Sptg. County; Barry Barnette, Chief | ) | |
| Prosecutor of Spartanburg Co.; Chuck | ) | |
| Wright, Spartanburg Co. Sheriff; Tim | ) | |
| Tucker, Spartanburg Co. Police Officer; | ) | |
| Phil Easler, Spartanburg Co. Police | ) | |
| Officer; Robert Hall, Spartanburg Co. | ) | |
| Public Defender; sued in their individual | ) | |
| and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by a federal prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

On October 31, 2014, the court allowed Plaintiff an opportunity to provide the documents necessary for initial review. [ECF No. 6]. Plaintiff complied with the court's order and this case is now in proper form.

Plaintiff filed a motion to appoint counsel in this action. [ECF No. 15]. There is no right to appointed counsel in a case filed pursuant to 42 U.S.C. § 1983. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). In support of his motion, Plaintiff states that he is factually innocent, that he is unable to afford counsel, and states that he needs counsel to investigate his alibi witnesses and to

present argument at trial. [ECF No. 15]. After a review of the motion, the court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). The issues in most civil rights cases are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines the proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's motion for a discretionary appointment of counsel under 28 U.S.C. § 1915 (e)(1) [ECF No. 15] is denied.

**PAYMENT OF THE FILING FEE:**

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350. *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a), (b). As the court has granted Plaintiff permission to proceed in forma pauperis, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.** *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

Plaintiff has submitted an Application to Proceed in District Court Without Prepaying Fees or Costs to this court pursuant to 28 U.S.C. § 1915(a)(1), which is construed as a Motion for Leave to Proceed in forma pauperis. A review of the Motion reveals that Plaintiff does not have the funds to prepay the filing fee. Plaintiff's Motion for Leave to Proceed in forma pauperis [ECF No. 9] is granted.

**TO THE CLERK OF COURT**:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall ***not*** issue the summons or forward this matter to the United States Marshal for service of process at this time. Accordingly, Plaintiff's motion for service [ECF No. 14] is denied.

**TO PLAINTIFF**:

Plaintiff must place the civil action number listed above (C/A No.: 1:14-4197-TLW-SVH) on any document provided to the court pursuant to this order. **Any future filings in this case must be sent to 901 Richland Street, Columbia, South Carolina 29201.** All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. Pro se litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System.  In all future filings with this court, Plaintiff is directed to use letter-sized (eight and one-half inches by eleven inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper.  Plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

Plaintiff is a pro se litigant.  Plaintiff's attention is directed to the following important notice:

> You are ordered to always keep the Clerk of Court advised **in writing (901 Richland Street, Columbia, South Carolina 29201)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you.  If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.**  There-fore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court.  Your failure to do so will not be excused by the court.

IT IS SO ORDERED.

*Shiva V. Hodges*

November 20, 2014                                    Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

3