IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin Wayne McDaniels, | ) | C/A No.: 1:14-4197-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| State of South Carolina; Alan Wilson, | ) | REPORT AND RECOMMENDATION |
| SC Attorney General; Nikki Haley, SC | ) | |
| Governor; Derham Cole, Chief Judge of | ) | |
| Sptg. County; Barry Barnette, Chief | ) | |
| Prosecutor of Spartanburg Co.; Chuck | ) | |
| Wright, Spartanburg Co. Sheriff; Tim | ) | |
| Tucker, Spartanburg Co. Police Officer; | ) | |
| Phil Easler, Spartanburg Co. Police | ) | |
| Officer; Robert Hall, Spartanburg Co. | ) | |
| Public Defender; sued in their individual | ) | |
| and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Kevin Wayne McDaniels, proceeding pro se and in forma pauperis, is a federal prisoner incarcerated in Federal Correctional Institution ("FCI") in Otisville, New York, a facility of the Bureau of Prisons ("BOP"). Plaintiff is serving concurrent federal and state sentences. He brings this civil action asserting federal and state law claims against the following defendants: State of South Carolina, South Carolina Attorney General Alan Wilson, South Carolina Governor Nikki Haley, Chief Judge of Spartanburg County Derham Cole, Chief Prosecutor of Spartanburg County Barry Barnette, Spartanburg County Sheriff Chuck Wright, Spartanburg County police officers Tim Tucker and Phil Easler, and Spartanburg County Public Defender Robert Hall. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.),

the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff's amended complaint seeks damages under 42 U.S.C. § 1983 and the South Carolina Tort Claims Act and asserts claims for denial of access to courts, false imprisonment, and civil conspiracy. [ECF No. 8 at 1]. Plaintiff alleges that he was coerced into confessing to two South Carolina burglaries that he did not commit. *Id.* at 2–3. Plaintiff states that he has proof that he was in Florida when the crimes were committed, but his claims of innocence have been ignored. *Id.* at 3, 5–7. Plaintiff contends that he entered an involuntary *Alford*[1] plea in South Carolina state court to the burglary charges and received two 15-year sentences. *Id.* at 3. Plaintiff alleges that he has filed several unsuccessful state and federal actions challenging his state convictions, and claims he currently has a pending post-conviction relief action challenging his state burglary convictions and sentences. *Id.* at 4, 6, 8. Plaintiff argues that he is being denied access to the courts because the State of South Carolina refuses to allow him to exhaust his state remedies until he is placed in state custody on September 11, 2020. *Id.* at 4, 6, 11. Plaintiff seeks monetary damages. *Id.* at 12.

---

[1] An *Alford* plea is "an arrangement in which a defendant maintains his innocence but pleads guilty for reasons of self-interest." *United States v. Taylor*, 659 F.3d 339, 347 (4th Cir. 2011) (citing *North Carolina v. Alford*, 400 U.S. 25, 37 (1970)).

## II.    Discussion

### A.    Standard of Review

Plaintiff filed his amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a claim currently

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

      B.     Analysis

      Plaintiff has another case pending before this court that also asserts claims of false imprisonment and a denial of access to courts. *See McDaniels v. Wright*, C/A No. 1:14-3728-TLW (D.S.C. Sept. 23, 2014).[2] As in the instant pleading, Plaintiff's pending case alleges that he was coerced into entering an *Alford* plea to two South Carolina burglary charges, but states that he has proof that he was in Florida when the crimes were committed. *Id.* at ECF No. 1. Plaintiff states that he filed several unsuccessful state and federal actions challenging his state convictions and argues that his claims of factual innocence have been ignored. *Id.* Because the issues involved in the complaint *sub judice* are currently before the court in Plaintiff's pending case, this duplicate § 1983 complaint is frivolous and subject to dismissal. *See Cottle v. Bell*, No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) ("Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)."). Therefore, in the interests of judicial economy and efficiency, the instant complaint should be summarily dismissed. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its

---

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (holding that the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

The instant complaint is also subject to summary dismissal because Plaintiff seeks monetary damages for an alleged wrongful conviction that has not been overturned, and therefore this action is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87.

When addressing a damages claim in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008). Plaintiff fails to demonstrate or allege that he has successfully challenged his state burglary convictions and/or sentences. In fact, Plaintiff indicates that he is currently pursuing a post-conviction

relief action challenging the convictions that are the subject of his complaint. [ECF No. at 8 at 8]. Because Plaintiff has not demonstrated that his convictions and/or sentences have been successfully challenged, any damages claims he may be attempting to pursue based on his convictions or sentences are barred by *Heck.* The undersigned recommends that Plaintiff's amended complaint be summarily dismissed.[3]

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the amended complaint be dismissed without prejudice and without issuance and service of process. If the district court accepts this recommendation, Plaintiff's pending motions for release of funds [ECF No. 11], for recusal of Judge Derham Cole [ECF No. 12], and to appoint FBI to assist Plaintiff [ECF No. 13] will be rendered moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 20, 2014                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] To the extent that Plaintiff is also attempting to challenge his confinement, his claims are more properly brought in a petition for a writ of habeas corpus. Both § 1983 and habeas corpus relief provide remedies for claims of unconstitutional treatment at the hands of state officials, but release from prison is not a remedy available under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Habeas corpus is the exclusive federal remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Id.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).