IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Kevin Wayne McDaniels, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C/A No.: 1:14-cv-04197-TLW |
| vs. | ) | |
| | ) | |
| States of South Carolina; Alan Wilson, *S.C.* | ) | |
| *Attorney General*; Nikki Haley, *S.C.* | ) | |
| *Governor*; Derham Cole, *Chief Judge of* | ) | |
| *Sptg County*; Barry Barnette*, Chief* | ) | |
| *Prosecutor of Spartanburg Co.*; Chuck | ) | |
| Wright, *Spartanburg Co. Sheriff;* Tim | ) | |
| Tucker, *Spartanburg Co. Police Officer*; | ) | |
| Phil Easler*, Spartanburg Co.  Police* | ) | |
| *Officer*; Robert B. Hall, *Spartanburg Co.* | ) | |
| *Public Defender sued in their Individual* | ) | |
| *and Official capacity*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# ORDER

Plaintiff Kevin Wayne McDonald, proceeding pro se and in forma pauperis, filed this action on October 28, 2014, alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act. Doc. #1. He filed an amended complaint on November 17, 2014, alleging similar claims. Doc. #8. This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on November 20, 2014, by Magistrate Judge Shiva V. Hodges, Doc. #19, to whom this case was previously assigned. In the Report, the Magistrate Judge recommends that the Court summarily dismiss the complaint in this case without prejudice and without issuance and service of process. Plaintiff filed objections to the Report on December 5, 2014. Doc. #21. Also before the Court are Plaintiff's motion

1

requesting the Court not to charge the filing fee, Doc. #22, Motion to Amend/Correct the Amended Complaint, Doc. #23, and a motion requesting the Court not to charge filing fees and to reimburse fees already paid, Doc. #24.

The Court has reviewed the Report and the objections. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court hereby **ACCEPTS** the Report. The Plaintiff's objections, Doc. #21, are **OVERRULED**.[1] The Plaintiff's complaint is **DISMISSED** without prejudice and without issuance and service of process.

As noted above, several additional motions are pending in this case. Plaintiff has filed two motions requesting the Court to waive or refund his filing fees. Docs. #22, 24. The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without

---

[1] To the extent Plaintiff alleges that he is actually innocent, see e.g. Docs. #1, 8, 21, the Plaintiff has not provided the Court with any newly discovered evidence. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1933, (2013) (noting that actual innocence "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" As the Plaintiff himself notes, he was aware of the evidence he now relies on at the time of the original state proceedings. Doc. #1 at 3.

**pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. See 28 U.S.C. § 1915(a), (b). As a result, Plaintiff's motions regarding waiver and refund of the filing fees are **DENIED**.

Plaintiff also filed a motion to amend the amended complaint to add a document apparently from the state court's denial of his PCR filing. Doc. #23. The Court has reviewed the filing in light of the record and finds that it does not impact its analysis of this matter. See Franks v. Ross, 313 F.3d 184, 193, 198 n.15 (noting that a motion to amend under Rule 15 of the Federal Rules of Civil Procedure should be denied when the amendment would be futile). Therefore, the motion to amend, Doc. #23, is **DENIED** as futile.

IT IS SO ORDERED.

s/Terry L. Wooten
Chief United States District Judge

January 12, 2015
Columbia, South Carolina